# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD GULBRANDSON, | ) | 1:04-cv-06486-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO AMEND PETITION (Doc. 8) |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | TO DISMISS (Doc. 9) |
| | ) | |
| YARBOROUGH, Warden, | ) | ORDER DIRECTING CLERK OF COURT TO |
| C. HARRISON, Warden, | ) | SEND PETITIONER A BLANK FORM |
| | ) | PETITION |
| Respondent. | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 11, 2004, Petitioner filed his original petition. (Doc. 1). On February 24, 2005, the Court ordered Petitioner to file an amended petition that, inter alia, clearly stated the federal law basis for each claim, contained details that would enable the Court to determine if Petitioner had exhausted the claims in state court and was not in violation of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). (Doc. 6). On March 16, 2005, Petitioner filed his amended petition. (Doc. 8).

On May 4, 2005, Petitioner filed a document entitled "Amendment to Writ on Habeas Corpus Notice of Motion to Enter Plea of Former Jeopardy and Acquittal and to Dismiss Charges

///

1

(Cal. P.C. §§ 1017; 1023, 1041 and 1385" (the "motion to dismiss") (Doc. 9, p. 1).  The motion to dismiss does not seek to dismiss petitioner's habeas petition.  Instead, the motion contains a detailed legal argument relating primarily to purported violations of the double jeopardy provision of the U.S. Constitution as they relate to Petitioner's state court sentence, including findings that he suffered prior felony convictions. The Court construes this document as a motion to amend the amended petition to include an additional claim.

Petitioner's filing of May 4, 2005, has confused the amended petition already on file in this case.  The Court is now unclear as to the precise claims being raised by Petitioner because the May 4, 2004 motion appears to contain additional facts and legal grounds for relief.  Thus, there are now two documents before the Court raising separate and distinct grounds for habeas relief.  If Petitioner wishes to raise additional grounds, he must file an amended petition that contains *all* of the grounds and *all* of the facts and arguments in support thereof.  **The Court will not address Petitioner's habeas claims piecemeal, nor will the Court attempt to fit together both documents into one legal filing.**  In light of the foregoing, Petitioner's motion to dismiss filed May 4, 2005 (Doc.9) must be denied, and Petitioner must file an amended petition containing ALL of the claims he wishes the Court to address.

Moreover, the Court notes that it does not appear that the "new" claim of double jeopardy has been fully exhausted in state court by presenting that issue to the California Supreme Court.  As the Court explained to Petitioner in the previous order to amend, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus *must* exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the

petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

No mention is made of the "new" double jeopardy claim in the pending amended petition and no information regarding any attempt by Petitioner to exhaust this claim in state court is contained in the motion to dismiss filed May 4, 2005.  Accordingly, it does not appear to the Court that, even were the double jeopardy claim to be included in an amended petition, that it would survive a challenge based on exhaustion.  Of course, Petitioner may have exhausted this claim and simply failed to advise the Court of that fact.  If so, Petitioner should explain his efforts to exhaust the claim in his amended petition.

Based on the foregoing, Petitioner must file an amended petition for writ of habeas corpus.  Petitioner is advised that the amended petition must clearly set forth each ground for relief and contain a brief statement of facts supporting each claim.  The amended petition must be clearly and boldly titled "AMENDED PETITION", and contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner is also advised that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 15-220.  Should Petition include in the amended petition the double jeopardy claim raised in his motion to dismiss, Petitioner is advised that he must allege facts in his amended petition sufficient to satisfy the Court that this new claim has been fully exhausted in state court.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion to dismiss filed May 4, 2005 (Doc. 9) is DENIED;

2. Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition containing all of his claims and all of the supporting facts and arguments; and

3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

///

///

1  Petitioner is forewarned that his failure to comply with this order may result in a
2  recommendation that the petition be dismissed pursuant to Local Rule 11-110.

4  IT IS SO ORDERED.

5  **Dated:   May 6, 2005**                              /s/ Theresa A. Goldner
   j6eb3d                                                UNITED STATES MAGISTRATE JUDGE