IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GULBRANDSON,<br><br>          Petitioner,<br>   v.<br>YARBOROUGH, et al.<br><br>          Respondent. | 1:04-cv-06486-AWI-TAG-HC<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 1, 2004, Petitioner filed the instant petition. (Doc. 1). On March 16, 2005, Petitioner filed an amended petition. (Doc. 8). In that petition, Petitioner raised issues distinct and different from the original petition. On May 4, 2005, Petitioner filed a document entitled "Amendment to Writ on Habeas Corpus Notice of Motion to Enter Plea of Former Jeopardy and Acquittal and to Dismiss Charges." (Doc. 9). Upon closer reading, the Court interpreted this document as raising a new claim challenging Petitioner's sentence based upon double jeopardy

grounds. (Doc. 10). The Court expressed its preliminary concern that the issue did not appear to have been exhausted in state court. (Id.).

Because of the confusion engendered by the amended petition and the subsequent additional claim, the Court issued an order on May 6, 2005, requiring Petitioner to file a second amended petition containing *all* of the claims Petitioner intended to assert. (Doc. 10). Petitioner complied by filing an amended petition on May 20, 2005. (Doc. 11). Subsequently, while the case was waiting to be screened by the Court, Petitioner, on July 29, 2005, filed a "belated notice of appeal." (Doc. 12). In that document, Petitioner asserts that the issue of "ex post facto" was raised by his trial attorney in the Superior Court. (Id.).

It is not clear from Petitioner's notice of appeal what judicial action he is appealing from. The Court has not ruled against Petitioner in any prior proceedings; indeed, the second amended petition was awaiting preliminary screening and had not yet been reviewed by the Court. As such, there does not appear to be any order or ruling of the Court from which an appeal can presently be taken. Nevertheless, Petitioner has filed a notice of appeal, and therefore the Court must address whether a certificate of appealability should issue.

Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997); Fed. R.App. P. 22(b). The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, Petitioner is not appealing from a final order of the Court.  28 U.S.C. § 2253.  Indeed, there does not appear to be any order whatsoever from which Petitioner could be appealing.  Therefore, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that a certificate of appealability be denied.

IT IS SO ORDERED.

**Dated:     August 12, 2005**               _____/s/ Anthony W. Ishii_____
0m8i78                                                        UNITED STATES DISTRICT JUDGE