IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD K. GULBRANDSON,<br><br>　　　　　　Petitioner,<br>　　v.<br>YARBOROUGH, et al.<br><br>　　　　　　Respondents. | 1:04-cv-06486-AWI-TAG-HC<br><br>ORDER DENYING PETITION<br>FOR WRIT OF MANDATE<br><br>(Doc. 26) |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 1, 2004, Petitioner filed the instant petition. (Doc. 1). On March 9, 2006, Respondent filed his Answer. (Doc. 19). On April 3, 2006, Petitioner filed his Traverse. (Doc. 22). The case is currently awaiting a decision on the merits.

On July 9, 2007, Petitioner filed the instant Petition for Writ of Mandamus, in which he claims that he is being illegally detained, falsely imprisoned, and that he is entitled to compensation "for each day spent for not committing a crime that would normally be an act of life, liberty and property under the Constitution. (Doc. 26, p. 8). Petitioner seeks a sum of $912,500 in damages, along with costs and attorney's fees. (Id. at p. 9). In another part of his motion, he also demands a "full pardon." (Id. at p. 13).

///

It is not clear from Petitioner's motion whether he is requesting that the Court expedite the case and immediately issue a decision in his habeas case or whether he is seeking to add a claim to his habeas petition for monetary compensation. However, regardless of whether the motion is interpreted as a motion to expedite the habeas decision or a request to add a claim for money damages, the motion must be denied.

## DISCUSSION

To the extent that Petitioner's motion can be construed as a motion to expedite a decision on the merits of his habeas petition, it must be denied. The Court does not have a separate expedited calendar. The Court has pending hundreds of cases similar to Petitioner's and cases are handled in the order in which they are filed. The Court is aware of the existence of Petitioner's case and the length of time that it has been pending. However, due to the caseload of the Court, and the Court's diligent handling of each individual case, decisions often take a considerable amount of time. The Court shall notify Petitioner as soon as any action is taken in his case and, as long as Petitioner keeps the Court informed of his current address, he will receive <u>all</u> decisions that might affect the status of his case. Petitioner's case will be ruled on in due course. Accordingly, the Court will deny Petitioner's motion to the extent that it seeks an immediate decision on the merits.

To the extent that Petitioner's motion seeks to include a claim of monetary damages in these habeas proceedings, that motion must also be denied. When a state prisoner is challenging the fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). The only ground for granting a petition for writ of habeas corpus is that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is no provision within the context of a habeas corpus proceedings to award monetary damages for a wrongful conviction by a State.

If, as appears to be the case here, a prisoner seeks monetary damages for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, he must first prove that his conviction has been invalidated.  Heck v. Humphrey, 512 U.S. 477 (1994); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).  When a prisoner's allegation implies the invalidity of his conviction but he has not established that invalidity, his claim has not accrued.  Trimble, 49 F.3d at 585. Here, to the extent Petitioner is seeking monetary damages for his purportedly illegal conviction and incarceration, cannot be brought within these habeas proceedings and should, when his claim has accrued, be brought within a civil rights action pursuant to 42 U.S.C. § 1983.

Accordingly, whether the instant motion be construed as a request to expedite a decision on the merits or to amend the habeas petition to include a claim for monetary damages, the motion must be denied.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's Petition for Writ of Mandate (Doc. 26), is DENIED.

IT IS SO ORDERED.

Dated:   **September 21, 2007**               /s/ **Theresa A. Goldner**
                                       UNITED STATES MAGISTRATE JUDGE