1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| EDWARD GULBRANDSON, ) | 1:04-CV-06486 AWI JMD (HC) |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| ) | |
| YARBOROUGH, Warden, C. HARRISON, ) | |
| Warden, ) | |
| Respondents. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

PROCEDURAL HISTORY

Petitioner is confined by the State of California, pursuant to a judgment of the Superior Court of California, County of Tulare. Petitioner waived his right to a jury trial, and on January 23, 2001, following a bench trial, was convicted of failing to register as a sex offender (Cal. Pen. Code § 290). On March 30, 2001, the court sentenced Petitioner under California's Three Strikes

law (Cal. Pen. Code § 667.5(b)) to an indeterminate term of twenty-five years to life in state prison plus one year in state prison.

On May 3, 2001, Petitioner filed a notice of appeal. On August 6, 2002, the California Court of Appeal affirmed the judgment of the trial court. The California Supreme Court denied review on October 16, 2002.

Petitioner subsequently filed a petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on September 18, 2003. Petitioner then filed a habeas petition in the California Court of Appeal. The Court of Appeal denied Petitioner's habeas petition on November 25, 2003.

Following this denial, Petitioner sought habeas relief alleging an ex post facto violation in the California Supreme Court. Citing In re Clark, 5 Cal. 4th 750 (1993), the California Supreme Court denied Petitioner's petition as untimely on September 22, 2004.

On June 6, 2005, Petitioner filed a habeas petition in the California Supreme Court. To the best of This Court's knowledge, the petition remains pending.

On June 20, 2005, the Tulare County Superior Court denied a habeas petition filed by Petitioner on the basis that Petitioner had abused the writ.

On October 7, 2004, Petitioner filed the instant Petition for Writ of Habeas Corpus. The Petition was Amended on March 24, 2005. On October 11, 2005, Respondent filed its Answer to the Petition, and on December 5, 2005, Petitioner filed a Traverse to Respondent's Answer.

**FACTUAL BACKGROUND**

Petitioner was convicted in 1982 for a rape and sodomy so brutal that the six-year-old victim suffered extensive internal injuries that required surgery, including a colostomy. On November 29, 1995, Petitioner was released on parole for this offense. Petitioner registered as a sex offender under section 290 on December 7, 1995, listing the Visalia Rescue Mission as his address. Petitioner left the mission on December 19 without notifying either parole or registration authorities, and his parole officer requested that an arrest warrant issue. In January 1996, Petitioner was arrested in San Diego County and returned to prison for three months for absconding from parole. On his release from prison in April 1996, Petitioner absconded from the state in a matter of days and was finally apprehended in Virginia in 1998. Petitioner returned to prison for one year for this parole violation. Just prior to his release, Petitioner was charged with failure to register on or around December 18, 1995.

At trial, an analyst with the Department of Justice testified that on June 12,

1995, Petitioner signed a notice of registration "8047 form;" that the form specified Petitioner was required to register within 10 days of changing his residence; and that records showed no registration or notice of change of address for Petitioner after his initial registration on December 7, 1995.  Rick Guerra, Petitioner's parole officer, testified that he met with Petitioner two days after his release on parole in 1995, when he discussed with Petitioner the registration requirements, including the requirement that he notify the registering agency within 10 days if he moved from his registered address.  Guerra testified that he did not address with Petitioner what his registration requirements might be should he become homeless.

Although Petitioner did not testify at trial, the parties stipulated to the court's considering his testimony at an earlier hearing.  At that hearing, Petitioner testified that in December 1995, his parole officer had informed him of his obligation to register and that from the time he left Visalia in 1995 until his arrest in San Diego, he was a homeless transient.

The trial court ruled as follows:

"Okay.  And with respect to count one under the (f) section, the Court has reviewed the packet, and defendant was clearly advised in the registration form, which he signed–and this is the packet that was received into evidence as part of Exhibit 6-A--that, "I must upon changing my residence inform in writing within ten days the law enforcement agency with which I last registered."

"And clearly defendant changed his residence.  He was no longer living at the Visalia Rescue Mission, and did not advise them for a period of ten days thereafter."

"So with respect to count one, the Court believes that the defendant is guilty beyond a reasonable doubt."

When Petitioner questioned how he could be found guilty, the court elaborated:

"You were found guilty because you had a duty to notify the Visalia Police Department once you register[ed] at the Visalia Rescue Mission.  You left Visalia and Tulare County intending to stay gone."

"You changed your residence from Tulare County intending to stay out of here.  And on that basis you had ten days after leaving to notify them that you left and intended to go somewhere else, and you didn't do it."

## DISCUSSION

I.  **Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn. 7 (2000).  Petitioner asserts that he suffered violations of his rights as

1  guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the
2  Fresno County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. §
3  2254(a); 2241(d).  Accordingly the Court has jurisdiction over this action.
4        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
5  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
6  enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied*, 522 U.S. 1008 (1997); Jeffries
7  v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th
8  Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy,
9  521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after its enactment).  The
10 instant petition was filed after the enactment of the AEDPA and is therefore governed by its
11 provisions.
12 II.  **Standard of Review**
13       This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
14 custody pursuant to the judgment of a state court only on the ground that he is in custody in
15 violation of the Constitution or laws or treaties of the United States."  28 U.S.C . § 2254(a).
16       The instant petition is reviewed under the provisions of the AEDPA.  Lockyer v.
17 Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, a petition for habeas corpus will not be
18 granted unless the adjudication in question "resulted in a decision that was contrary to, or
19 involved an unreasonable application of, clearly established Federal law, as determined by the
20 Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable
21 determination of the facts in light of the evidence presented in the State Court proceeding."  28
22 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.
23       As a threshold matter, this Court must "first decide what constitutes 'clearly established
24 Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at
25 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining "clearly established Federal law," the Court
26 looks to the "holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the
27 relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412.  "In other words, 'clearly
28 established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth

by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

This Court may not issue the writ simply because in its independent judgment the state court decision applied clearly established federal law erroneously or incorrectly; for a writ to issue, 'that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, ninth circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. DuCharme, 200 F.3d 597, 600-01 (9th cir. 1999).

AEDPA requires that this court give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). Moreover, we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

///

///

III.  **Review of Petitioner's Claim**

In his sole claim for relief,[1] Petitioner contends his conviction violated the Constitution's ban against ex post facto laws.  Petitioner states:

> (1) when I was charged it was (1996) a misdemeanor; it "was not" criminal when done; (2) the court made the offense greater in (1998) than it was, when committed [;] (3) the law increased that punishment after it was committed.

**Procedural Default**

The California Supreme Court rejected Petitioner's ex post facto claim with a citation to In re Clark, 5 Cal. 4th 750.  In so doing, the state court indicated that Petitioner's claim was time-barred.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  This doctrine of procedural default is based on the concerns of comity and federalism. Id., at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules.  Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

In addition, the state law ground must be independent of federal law.  "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704, *citing* Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), *quoting* Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'")  "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such

---

[1] In his traverse, Petitioner raises an additional claim that his right to a speedy trial under the Sixth and Fourteenth Amendments was violated by the state's delay in prosecuting him for failing to register until 2001. (Traverse at 5-8).  The Court notes that "[a] Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

1  as] the determination of whether federal constitutional error has been committed.'" Park v.
2  California, 202 F.3d 1146, 1152 (9th Cir. 2000), *quoting* Ake v. Oklahoma, 470 U.S. 68, 75
3  (1985).
4         Also, a federal court may only impose a procedural bar on claims if the procedural rule
5  that the state used is adequate to support the judgment. To be adequate, "the state's legal grounds
6  for its decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d
7  963, 965-966 (9th Cir. 2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). To be
8  firmly established and consistently applied, the rule must be clear and certain. King, 464 F.3d at
9  965-966, *citing* Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002); see also Fields v.
10 Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (The state procedural rule used must be clear,
11 consistently applied, and well-established at the time of the petitioner's purported default).
12        If the court finds an independent and adequate state procedural ground, "federal habeas
13 review is barred unless the prisoner can demonstrate cause for the procedural default and actual
14 prejudice, or demonstrate that the failure to consider the claims will result in a fundamental
15 miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501
16 U.S. at 750; Park, 202 F.3d at 1150.
17        In 1993, the California Supreme Court in In re Harris, 5 Cal.4th 813, and In re Clark, 5
18 Cal.4th 750, set specific standards to govern application of the untimeliness bar.  A California
19 court will hear the merits of a habeas claim, despite the petitioner's failure to bring the claim on
20 direct appeal, if the court finds one of four exceptions: (1) fundamental constitutional error, (2)
21 lack of fundamental jurisdiction by the trial court over the petitioner; (3) the trial court's acting in
22 excess of jurisdiction," and (4) an intervening change in the law.
23        At the time the state court imposed the In re Clark timeliness bar on Petitioner's claim,
24 the state rule was applied by state courts independent of federal law. In re Robbins, 18 Cal. 4th
25 770, 812 n. 32 (1998).  Thus the decision of the state court rests on an independent state
26 procedural ground. Bennett v. Mueller, 322 F.3d 573, 581 (2003).
27        With respect to the adequacy of the timeliness bar, the Ninth Circuit holds as follows:
28 "once the government has pleaded 'the existence of an independent and adequate state procedural

ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.'" King, 464 F.3d at 966, *quoting* Bennett, 322 F.3d at 586.  A petitioner "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Bennett, 322 F.3d at 586.[2]  The burden then shifts back to the government, which bears the "ultimate burden" of proving the adequacy of the relied-upon ground. Id. at 585-86.

In the instant case, Petitioner in no way challenges the adequacy of the Clark timeliness rule.  Accordingly, Petitioner fails to meet his burden on this point.

Similarly, Petitioner has not demonstrated cause and prejudice for his default.  Cause for a procedural default "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  In his Traverse, Petitioner claims "cause and prejudice" by virtue of an alleged violation of his right to a speedy trial.  Even assuming Petitioner's claim is true, the state's delay in bringing prosecution in no way affected Petitioner's ability to raise his ex post facto claim in a timely manner following his conviction.  Moreover, the state habeas form used by Petitioner advised him to relate facts demonstrating good cause for any delay in filing the petition.  See Answer, Exh. 10 at 6.  Consequently, We accept the state court's ruling that there was not good cause for the delay and bar relief.  High v. Ignacio, 408 F.3d 585, 590 (9th Cir. 2005) (where state habeas form advises petitioner to demonstrate cause for delay and state court denies the petition as untimely, federal court will accept the state court's ruling).

Finally, Petitioner has not adequately demonstrated a "fundamental miscarriage of justice" such that his procedural default should be excused.  The Supreme Court narrowly construes the "miscarriage of justice" exception, limiting it to circumstances where "the alleged constitutional error has resulted in the conviction of one who is actually innocent of the

---

[2] In King, the Ninth Circuit held that where a state procedural rule has previously been found to be *inadequate*, petitioners may fulfill their burden under Bennett by simply challenging the adequacy of the procedure. King, 464 F.3d at 967.  Such is the case with respect to the California timeliness rule, as it had previously been found insufficiently clear in Morales v. Calderon, 85 F.3d 1387 (9th Cir. 1996).

8

underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty." Dretke v. Haley, 541 U.S. 386, 388 (2004), *citing* Murray v. Carrier, 477 U.S. 478 (1986); Sawyer v. Whitley, 505 U.S. 333 (1992).[3]  As no controlling authority supports an extension of the exception to cover Petitioner's situation, We find Petitioner has procedurally defaulted his claim.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and the Clerk of the Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 28, 2008**            **/s/ John M. Dixon**
                               UNITED STATES MAGISTRATE JUDGE

---

[3] We note that Circuit Courts are split as to whether the "actual innocence" exception applies to noncapital sentencing procedures.  However, the Ninth Circuit has not addressed the issue, and the Supreme Court in Dretke declined to resolve the Circuit split.  Under the circumstances We do not find support for Petitioner's claim under the "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).