UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD GULBRANDSON, | ) | 1:04-CV-06486 AWI JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #29] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| YARBOROUGH, Warden, C. HARRISON, | ) | TO ENTER JUDGMENT |
| Warden, | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| Respondents. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   On February 28, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

   On March 21, 2008, Petitioner filed objections to the Findings and Recommendation. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. The objections essentially reiterate claims that were raised for the first time in the traverse. Cf. Court's Docket Doc. No. 22 with Court's Docket Doc. No. 30. "A traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly

advised of additional claims, [the claims] should be presented in an amended petition or . . . in a statement of additional grounds." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). The active petition is Document No. 11, which was the second amended petition. It was to this document that the Magistrate Judged ordered the state to answer, and that petition contains only an *ex post facto* claim. See Court's Docket Doc. Nos. 11, 18. Petitioners additional claims are improperly raised and the Court will not consider them.[1] See Cacoperdo, 37 F.3d at 507.

Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which

---

[1] Additionally, despite the Petitioner's claim that these new claims have been exhausted, the documents submitted to the Court, including Petitioner's petition, do not indicate that exhaustion has occurred. See Court's Docket Doc. Nos. 11, 20, 30.

U.S. District Court
E. D. California    Jp    2

specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 28, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    June 16, 2008**               /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE